CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
SEP 24 2013
JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TURONN LEWIS,<br>    Petitioner, | Civil Action No. 7:13-cv-00255 |
| v. | MEMORANDUM OPINION |
| C. ZYCH,<br>    Respondent. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Turonn Lewis, a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner argues that inaccurate information in his Presentence Report ("PSR") affects his eligibility for prison programs and places of incarceration. Petitioner asks me to order a United States Probation Office in Baltimore, Maryland, to reissue a corrected PSR.

I must "focus[] on the need to ensure that . . . prisoners use only habeas corpus . . . remedies when they seek to invalidate the duration of their confinement. . . ." Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). Petitioner's claim, even if successful, would not "necessarily spell speedier release" from custody because Petitioner would be entitled to, at most, the correction of allegedly erroneous information in his PSR that impacts only his eligibility for prison programs and places of incarceration. Thus, petitioner's claim does not lie within "the core of habeas corpus," and the petition is dismissed.[1]

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to Petitioner and counsel of record for Respondent.

ENTER: This 24th day of September, 2013.

/s/ Jackson L. Kiser
Senior United States District Judge

---

[1] Although Petitioner's claims could be presented under the Privacy Act, 5 U.S.C. § 552a, he would still not be entitled to relief against Respondent. A Privacy Act claim must be brought against the agency, not a person. 5 U.S.C. § 552a(g). Furthermore, the Bureau of Prisons exempted, inter alia, inmate central records from the accuracy provisions of the Privacy Act. 28 C.F.R. § 16.97(j). Moreover, records reveal that the Probation Office recognized the challenged typographical error but considered the error too minor to warrant reissuing a PSR.